Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines, Esq.
Nevada Bar No.: 9411
Gerardo Avalos, Esq.
Nevada Bar No.: 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Amanda Gates*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Amanda Gates,<br><br>             Plaintiff,<br><br>  v.<br><br>Navient Solutions LLC,<br><br>             Defendant. | Case No.:<br><br>**Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.**<br><br>**Jury trial demanded** |

COMPLAINT            - 1 -

**Introduction**

1.  In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2.  Amanda Gates ("Plaintiff"), by counsel, brings this action to challenge the actions of Navient Solutions LLC ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6.  Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

**Jurisdiction and Venue**

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8.  This action arises out of Defendant's violations of the FDCPA.

9.  Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

### Parties

11. Plaintiff is a natural person who resides in Clark County, Nevada.

12. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a corporation doing business in the State of Nevada.

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and is a debt collector as defined by 15 U.S.C. § 1692a(6).

15. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

### Factual allegations

16. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

17. Plaintiff is alleged to have owed a private student loan related debt (the "debt").

18. The debt was incurred primarily for personal, family or household purposes and the debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

COMPLAINT

19. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.

**Defendant was unlawfully collecting on a time barred debt**

20. Plaintiff was alleged to have owed the debt sometime in or around 2005. She made no contractual payments on the debt and Defendant failed to file a claim for judgement on the debt before the period specified in Nevada's statute of limitations for enforcement of a written contract. Nev. Rev. Stat. § 11.190(1)(b).

21. Plaintiff included the debt when she filed for chapter 13 bankruptcy in March, 2013.

22. Plaintiff received her bankruptcy discharge in November, 2018.

23. Beginning immediately after Plaintiff's discharge from bankruptcy, Plaintiff began receiving email and phone notifications from Defendant demanding payment on the debt and alleging that the amount of the debt was growing due to non payment fees and interest.

24. At the same time, Defendant also began negative reporting to the credit reporting agencies, frustrating Plaintiff's efforts to rebuild her credit after her bankruptcy discharge.

25. Despite the fact that Defendant was time barred from collecting on the debt, Defendant continued making debt collection communications to Plaintiff almost daily and reporting her to the credit reporting agencies on a monthly basis thus destroying her credit standing.

26. In April, 2019, Plaintiff spoke to Defendant on the phone in an effort to stop the harassment and destruction of her credit worthiness. Defendant convinced Plaintiff to enter into a six month graduated repayment program where she would make reduced rate payments to bring the account out of default.

27. After six months of reduced payments, Defendant once again began sending communications to Plaintiff demanding full payment and threatening default.

28. Defendant also continues to report Plaintiff to the credit reporting agencies on a monthly basis causing a reduction of 20 points every month to her credit score.

29. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).

30. Defendant violated the FDCPA by sending hundreds of communications to Plaintiff demanding payment, threatening to, and taking action against Plaintiff to collect on a time barred debt.

**Defendant unlawfully communicated with Plaintiff to collect debt**

**when Defendant knew that Plaintiff was represented by an attorney**

31. In November, 2020, Plaintiff retained Freedom Law Firm as she was still receiving debt collection calls almost daily from Defendant. Plaintiff then informed Defendant by telephone that she was represented by an attorney with respect to the debt.

32. After Defendant knew that Plaintiff was represented by an attorney, Defendant continued its communications in connection with the collection of the debt. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2).

33. Defendant's actions were willful and knowing because Defendant knew that Plaintiff was represented by an attorney and knew that it was prohibited from contacting a represented consumer.

**Plaintiff's damages**

34. Plaintiff has suffered emotional distress and mental anguish as a result of Defendant's actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendant's actions. Plaintiff incurred additional damages associated with Defendant taking Plaintiff's money for a substantial time, including lost opportunities and interest. Plaintiff further suffered humiliation and embarrassment when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendant.

## Defendant's violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

36. Defendant's conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant unlawfully communicated with Plaintiff to collect the debt when Defendant knew that Plaintiff was represented by an attorney in connection with the debt.

37. Defendant's conduct also violated § 1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt. Specifically, Defendant's continued demands for Plaintiff to pay, after Plaintiff disputed the debt had the natural consequence to harass, oppress, or abuse a consumer.

38. Defendant's conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

39. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt .

40. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

41. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

42. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt .

43. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Prayer for relief**

46. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief that this Court deems just and proper.

///
///
///
///

1

## Jury Demand

2  47.Pursuant to the seventh amendment to the Constitution of the United States of

3      America, Plaintiff is entitled to, and demands, a trial by jury.

4        Dated: May 26, 2021.

5                                        Respectfully submitted,

6

7                                        KIND LAW

8                                         /s/ Michael Kind

9                                        Michael Kind, Esq.

10                                       8860 South Maryland Parkway, Suite 106
                                         Las Vegas, Nevada 89123

11

12                                       FREEDOM LAW FIRM

13
                                          /s/ George Haines
14                                       George Haines, Esq.

15                                       Gerardo Avalos, Esq.

16                                       8985 S. Eastern Ave., Suite 350
                                         Las Vegas, Nevada 89123
17                                       *Counsel for Plaintiff Amanda Gates*

18

19

20

21

22

23

24

25

26

27